FILED
CLERK
2:41 pm, Feb 13, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT ALEXANDER PALMER,

                              Plaintiff,

    -against-

VERA FLOOD, SHERIFF; D. HENIG, MEDICAL
DIRECTOR; NASSAU COUNTY SHERIFF'S
DEPARTMENT, DIVISION OF CORRECTION,
NASSAU COUNTY CORRECTIONAL CENTER;

                              Defendants.
----------------------------------------------------------------X

**ORDER**
20-CV-00141 (GRB)(AKT)

**GARY R. BROWN, United States District Judge**:

        On January 6, 2020, incarcerated *pro se* plaintiff Robert Alexander Palmer ("plaintiff") filed a civil rights complaint in this Court against Nassau County Sheriff Vera Flood ("Sheriff Flood"), the Medical Director at the Nassau County Correctional Center, D. Henig ("Henig"), and the Nassau County Sheriff's Department (the "Sheriff's Department" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. Because the application to proceed *in forma pauperis* did not include sufficient information, by Notice of Deficiency dated January 7, 2020, plaintiff was instructed to complete and return the enclosed application to proceed *in forma pauperis* within fourteen (14) days in order for his case to proceed. On January 17, 2020, plaintiff timely filed a revised application to proceed *in forma pauperis*.

        Upon review of the applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified, by his financial status, to commence this action without prepayment of the filing fee. Accordingly, the applications to proceed *in forma pauperis* are granted. However, for the reasons that follow, the claims against the Sheriff's Department are dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's claims against Sheriff Flood and Henig are dismissed without prejudice dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

I. SUMMARY OF THE COMPLAINT

Plaintiff complains that, since October 21, 2019, he has been subjected to cruel and unusual punishment while an inmate in E-2-E Dorm at the Nassau County Correctional Center. Plaintiff complains that the conditions there are "inhumane" and that he was "punished for making complaints." (Compl. at 2, ¶ II.A.) According to the complaint, plaintiff was locked in his cell for fourteen days without due process. (*Id*.) Plaintiff also complains that, on November 19, 2019, he slipped and fell on a puddle of water caused by a leak in the ceiling. (*Id*. at II.B.) As a result of the fall, plaintiff claims to have injured his back, neck and head. (*Id*.) Plaintiff describes that he was taken by wheelchair to the medical unit after about fifteen minutes where he was given 800 mg of Motrin. Plaintiff claims that he was then ordered to walk back to his housing unit without assistance even though he told the medical staff that he was hurt. (*Id.* at 3, ¶ II.B.)

Plaintiff next complains that, on November 20, 2019, he was handcuffed and placed in the back of transport van even though he was in pain from the slip and fall the day before. (*Id*.) According to the complaint, plaintiff had to sit on a steel bench with no seat belt or restrain and was "bounced, bumped, moved, [] and thrown . . . by the force of the moving vehicle causing plaintiff extreme discomfort and pain." (*Id.*)

Plaintiff also complains that the medical staff "refus[ed] treatment for a possible cancer

plaintiff found within his body." (*Id.* at 4, ¶ II.D.) Plaintiff claims that Henig denied his requests to see a urologist after plaintiff discovered a "lump near his left teste inside his scrotum." (*Id.*) Plaintiff also claims that he suffers from a "rodent allergy" and his request on December 8, 2019 to go the medical unit for treatment for his allergy were denied until December 12, 2019 when he was seen by a nurse and prescribed allergy medication. (*Id.*)

Finally, plaintiff complains that he "was forced to endure over 2 weeks of suffering in conditions of my frigid temperatured cell, forced to accept my food from under a gate slid on the filthy flood, 22 hours in my cell a day little to no other human interaction, horrible smells that came from the 2 cells next door that were unoccupied unclean for over a month while feces floated in the toilet . . . ." (*Id.* at 5, ¶ II.E.) As a result of the foregoing, plaintiff seeks to recover, *inter alia*, a damages award in the total sum of $7.2 million.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

The Court may permit a litigant to proceed *in forma pauperis* if it finds that the applicant is "unable to pay" the required filing fee. 28 U.S.C. § 1915(a) (1). The decision of whether to grant an application to proceed *in forma pauperis* rests within the sound discretion of the Court. *Maretta-Brooks v. Hanuszczak*, 5:18-CV-0426, 2018 WL 2021480 (N.D.Y.Y. Apr. 26, 2018) (citing *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). A plaintiff must demonstrate that "paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Maretta-Brooks*, 2018 WL 2021480, at * 2 (internal quotation marks and citation omitted)). The Second Circuit instructs that "no party must be made to

choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curium*). Upon review of plaintiff's applications to proceed *in forma pauperis*, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's applications to proceed *in forma pauperis* are granted.

B. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*)). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

C. <u>Section 1983</u>

Section 1983 establishes a cause of action "for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

"It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (citation omitted). To state a claim under 42 U.S.C. § 1983 against an individual state-actor defendant, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013). Accordingly, supervisors cannot be held liable for damages under Section 1983 solely by virtue of their roles as supervisors, nor can their liability be predicated upon *respondeat superior*. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *see also Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . [Section] 1983 suits.").

The Second Circuit has held that supervisory personnel may be considered "personally

5

involved" only if they: (1) directly participated in the violation; (2) failed to remedy that violation after learning of it through a report or appeal; (3) created, or allowed to continue, a policy or custom under which the violation occurred; (4) had been grossly negligent in managing subordinates who caused the violation; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected these standards for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*").

D. Application

1. Claims Against the Sheriff's Department

Here, plaintiff has named the Sheriff's Department as a defendant. However, the Sheriff's Department is an administrative arm of the municipality, Nassau County, with no independent legal identity. *Gleeson v. Cnty. of Nassau, et al.*, 15-CV-6487, 2019 WL 4754326, *14 (E.D.N.Y. Sept. 30, 2019) (citing *Joseph v. Nassau Cty. Corr. Ctr.*, 12-CV-4414, 2013 WL 1702162, at *3 (E.D.N.Y. Apr. 19, 2013) (collecting cases)). It is well-established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002) (citing cases).

Accordingly, plaintiff's claims against the Sheriff Department are implausible and are thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

    2.    <u>Claims Against Sheriff Flood and Henig</u>

As is readily apparent, plaintiff has failed to plausibly allege personal liability as to Sheriff Flood and Henig even under the *Colon* standards. Plaintiff does not allege that either Sheriff Flood or Henig were personally involved in the conduct or inaction giving rise to plaintiff's claims. Nor does plaintiff include any factual allegations from which the Court may reasonably construe their personal involvement under any of the *Colon* factors. Indeed, apart from the caption, Sheriff Flood is not again mentioned in the body of the complaint. A supervisory official like Sheriff Flood will not be found liable under Section 1983 simply by virtue of her "high position of authority." *Whitenack v. Armor Med.*, 13-CV-2071, 2014 WL 5502300, at *5 (E.D.N.Y. Oct. 30, 2014) (internal quotation marks and citation omitted).

Henig is alleged only to have denied plaintiff's request to see a urologist for "a possible cancer" that plaintiff discovered.[1] Such allegations do not give rise to a cognizable claim for the violation of plaintiff's constitutional rights. Accordingly, because it appears that plaintiff seeks to impose liability on these defendants simply because of the supervisory positions they hold, plaintiff's Section 1983 claims against them are implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

---

[1] Because a plausible deliberate indifference claim requires allegations that the plaintiff has a serious medical condition and that it was met with deliberate indifference, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), plaintiff's allegation that that Heng denied plaintiff's request to see a urologist for a "possible cancer" does not set forth a plausible deliberate indifference claim.

E.  Leave to Amend

A court "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Leave to amend should typically be withheld only if amendment would be futile - - that is, if it is clear from the facts alleged that the events in question cannot give rise to liability. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). It is not clear that amendment would be futile here, so plaintiff may attempt to replead these allegations with the specificity and level of detail required by the case law discussed above. Alternatively, plaintiff may pursue any state law claims he may have, including negligence, in state court.

Should plaintiff choose to file an amended complaint in this Court, he must do so within thirty (30) days from the date of this Order. Any amended complaint shall clearly be labeled "Amended Complaint" and shall bear the same docket number as this Order, 20-CV-00141 (GRB)(AKT). An amended complaint completely replaces any prior complaints so plaintiff must include any and all claims, and the factual basis therefore, against any defendants in the amended complaint.2  If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be marked closed.

III.  CONCLUSION

For the forgoing reasons, plaintiff's applications to proceed *in forma pauperis* are granted

---

2 The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C § 1997e(a) requires the exhaustion of administrative remedies.

but the complaint is *sua sponte* dismissed with prejudice as against the Sheriff's Department for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Sheriff Flood and Henig are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff is granted leave to file an amended complaint in accordance with this order. An amended complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 20-CV-00141(GRB)(AKT), and shall be filed within thirty (30) days from the date of this Order. If plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be marked closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

**SO ORDERED**.

Dated: February 13, 2020                  ___/s/ Gary R. Brown_____
    Central Islip, New York                         Gary R. Brown
                                                            United States District Judge